FILED

2016 FEB 29 PM 4:16

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SAMUEL MURAD

CASE NO. 8:16-cr-81-T-24 MAP

26 U.S.C. § 7201
18 U.S.C. § 1512(b)(3)
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INFORMATION

The Acting United States Attorney charges:

## COUNT ONE

On or about October 14, 2013, in Pinellas County, in the Middle District of Florida,

SAMUEL MURAD,

the defendant herein, did willfully attempt to evade and defeat a large part of the income tax due and owing to the United States of America for the calendar year 2012, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, on behalf of himself, which was filed with the Internal Revenue Service, wherein it was stated that his taxable income for said calendar year was the sum of $47,047, and that the amount of tax due and owing thereon was the sum of $5,349, whereas the defendant then and there well knew and believed that his taxable income for said calendar year was the sum of approximately $270,847, upon which said taxable

income there was due and owing to the United States of America an income tax of approximately $70,690.

In violation of Title 26, United States Code, Section 7201.

## COUNT TWO

From on or about November 22, 2013, and continuing through on or about April 17, 2014, in Pinellas County, in the Middle District of Florida,

SAMUEL MURAD,

the defendant herein, did knowingly attempt to corruptly persuade another person with the intent to hinder, delay, and prevent the communication to a Federal law enforcement officer of information relating to the commission and possible commission of a Federal offense, that is, the defendant directed and instructed Robert Joseph Quinn, a Special Agent with the Drug Enforcement Administration, not to speak with the Federal Bureau of Investigation with the intent to hinder, delay and prevent Special Agents with the Federal Bureau of Investigation from learning about a $223,800.00 cash payment made to the defendant by the brother of a Federal inmate in August 2012, the reasons for this substantial cash payment, the concealment of those funds in the defendant's safe deposit box, and the defendant's intentional failure to claim these earnings on his Form 1040, U.S. Individual Income Tax Return, for Tax Year 2012.

In violation of Title 18, United States Code, Section 1512(b)(3).

## **FORFEITURES**

1.  The allegations contained in Count Two of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of a violation of Title 18, United States Code, Section 1512(b)(3), the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

RACHELLE DESVAUX BEDKE
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

By: *(signature)*
JOSEPHINE W. THOMAS
Assistant United States Attorney

By: *(signature)*
SIMON A. GAUGUSH
Assistant United States Attorney
Chief, Major Crimes Section